FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    1:19-cr-02045-SMJ-1 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS** |
| LUCIO ANGEL ESTRADA, | |
| Defendant. | |

Before the Court is Defendant's Motion to Sever Counts 1 to 3 from 4 and 5, ECF No. 135. The Court has determined that this motion is appropriate for resolution without oral argument. By separate Order, the Court granted Defendant's motion to suppress evidence related to Counts 1–3. ECF No. 204. In the event the Government elects to proceed with Counts 1–3, the Court finds that all Counts must be tried together and therefore denies Defendant's instant motion.

## BACKGROUND

The Court has previously set forth the facts of this case in detail and will not do so again here. Briefly though, Defendant is charged with five counts of drug and firearm offenses stemming from three separate arrests and searches during the late summer and fall of 2019. First, Defendant was arrested on August 17, 2019 after law

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 1

enforcement discovered him passed behind the wheel of a vehicle at a stoplight. Law enforcement searched the vehicle two days later and found illicit narcotics and a firearm that Defendant is prohibited from possessing due to his status as a felon.[1] In connection with these events, Defendant was charged with possession with intent to distribute fifty grams of more of actual methamphetamine (Count 1), possessing a firearm in furtherance of a drug trafficking crime (Count 2), and felon in possession of a firearm (Count 3). ECF No. 32.

Then, on September 7, 2019, law enforcement again encountered Defendant passed out behind the wheel of a running vehicle. Law enforcement eventually executed a search warrant on the vehicle and discovered more illicit narcotics. Defendant was thereafter charged with possession with intent to distribute 50 grams or more of actual methamphetamine (Count 4). ECF No. 32.

Less than one week later, Defendant arrived at a tow yard to retrieve the impounded vehicle he was driving on September 7, 2019. After a K9 alerted on the vehicle Defendant arrived in, law enforcement discovered two loaded firearms, both with live rounds. For this, Defendant was charged with being felon in possession of a firearm (Count 5). ECF No. 32.

---

[1] The Court has suppressed the narcotics and firearm and all other evidence found during law enforcement's search of Defendant's vehicle on August 19, 2019. ECF No. 204.

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 2

Defendant now moves to sever Counts 1–3 from Counts 4–5, arguing that there is no common scheme or plan supporting mandatory joinder and alternatively, that joinder of the counts would be prejudicial. ECF No. 135

## DISCUSSION

Under Federal Rule of Criminal Procedure 8, joinder of offenses is proper where the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "[T]he validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (internal quotation marks omitted). Because the dominant concern is judicial economy, "joinder is the rule rather than the exception." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

Nonetheless, under Federal Rule of Criminal Procedure 14, "[o]ffenses properly joined under Rule 8 may be severed in the trial court's discretion . . . if joinder is prejudicial." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). Severance is only warranted where the defendant can "demonstrate clear, manifest, or undue prejudice resulting from joinder." *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988). Joinder of offenses may prejudice the defendant where the jury may use the evidence of separate counts to infer a criminal disposition on the part of the defendant. *Johnson*, 820 F.2d at 1069. However, "[i]f

all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder." *Id.*

The Court finds that joinder of all offenses is proper because the offenses are of the same or similar character. The Ninth Circuit has explained that "the same or similar character language in Rule 8(a) [is] a rather clear directive to compare the offenses charged for *categorical*, not evidentiary, similarities. *Jawara*, 474 F.3d at 577 (internal quotation marks omitted) (emphasis added). In ascertaining whether offenses are of the same or similar character, relevant factors include: "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *Id.* at 578. A court need not weigh each factor the same; the specific context of the case may direct the weight given a particular factor. *Id.*

First, three of the five counts are drug trafficking offenses (Counts 1, 2, and 4). The other two counts (Counts 3 and 5) are the same charge—being a felon in possession. Counts 1–3 are temporally separated from Count 4 by approximately 21 days and from Count 5 by slightly more than 21 days, but less than 30 days. Additionally, there is more than incidental evidentiary overlap. Defendant's status as a felon is necessary to prove Counts 3 and 5, and evidence of drug test reports and experts to prove the drug offenses are relevant to Counts 1 and 4. Finally, the

indictment shows a similar mode of operation with respect to the five offenses: drug trafficking and trafficking paraphernalia, and more specifically Defendant being passed out behind the wheel of a running vehicle containing contraband. As such, joinder is proper here.

Defendant alternatively argues that even if joinder is proper under Federal Rule of Criminal Procedure 8, he will suffer prejudice is the counts are not severed. In support, he states that "the quantity of drugs involved on each count with the multiple firearms would naturally prejudice Mr. Estrada if the case was tried together." ECF No. 135. But even if the Court were to sever the counts as requested, each trial would involve charges for both guns and drugs. Defendant's argument is essentially that the totality of the evidence would weigh so heavily against him that he would suffer prejudice if the Court didn't sever the counts. This is not the standard, and regardless, the identified prejudice falls short of Defendant's burden to demonstrate a clear, manifest, or undue prejudice resulting from joinder. Defendant's motion is denied and all counts will remain joined.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Sever Counts 1 to 3 from 4 and 5, **ECF No. 135**, is **DENIED**.

//

//

1    //

2        **IT IS SO ORDERED**.  The Clerk's Office is directed to enter this order and

3    to provide copies to all counsel.

4        **DATED** this 22nd day of July 2022.

5

6    _____
    SALVADOR MENDOZA, JR.
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 6